Martha KAY, Plaintiff, Appellant,

v.

JOHNSON & JOHNSON and Ortho
Pharmaceutical Corporation,
Defendants, Appellees.

No. 89-1993.

United States Court of Appeals,
First Circuit.

Heard March 6, 1990.

Decided May 2, 1990.

Andrew C. Schultz with whom Field &
Schultz, Boston, Mass., was on brief, for
plaintiff, appellant.

Joseph G. Blute with whom Michelle J.
Lipton and Nutter, McClennen & Fish, Bos-
ton, Mass., were on brief, for defendants,
appellees.

Before CAMPBELL, Chief Judge,
COFFIN and BOWNES, Senior Circuit
Judges.

PER CURIAM.

This is an appeal from an order of sum-
mary judgment entered by the United
States District Court for the District of
Massachusetts in a prescription drug prod-
ucts liability action. The plaintiff, Martha
Kay, claims that she suffers from hyper-
pigmentation, a severe pigmentary disor-
der, as a result of her use, during the
period 1966–68, of Ortho Novum, an oral
contraceptive manufactured by Ortho Phar-
maceutical Corporation ("Ortho"). Plain-
tiff asserts claims sounding in negligence
and breach of warranty against Ortho and
Johnson & Johnson, Ortho's parent corpo-
ration. Suit was originally brought in Mas-
sachusetts Superior Court and was re-
moved to the United States District Court
on the basis of diversity of citizenship.
Plaintiff's claims and the statute of limita-
tions questions at issue in this case are
governed by the substantive law of Massa-
chusetts.

After extensive discovery on the statute
of limitations issues, Ortho and Johnson &
Johnson moved for summary judgment on
the grounds that plaintiff's claims are
barred by the three-year limitations provi-
sions of G.L. c. 260, § 2A (the statute of
limitations governing negligence claims)
and G.L. c. 106, § 2–318 (the statute of
limitations governing claims for breach of
warranty). After briefing and the hearing
of oral argument, the district court allowed
defendants' motion for summary judgment;
and the judgment was entered in accord-
ance with the court's order.

**2**

 We do not repeat the material facts as we are satisfied that they are adequately set forth in the comprehensive opinion of the district court, 722 F.Supp. 874 (D.Mass.1989). Plaintiff has argued on appeal that the district court erred in its application of the Massachusetts discovery rule to her claims and was incorrect in its conclusion that these claims were barred by the statute of limitations. We find plaintiff's arguments to be without merit. We conclude, for substantially the same reasons as those given in the district court's opinion, that this action is time-barred under Massachusetts law. A different holding would result in a rule which sanctioned delay in proportion to the lack of medical support for a claim. While, as the district court noted, there may be reason to apply a "medical breakthrough" theory in some cases, this is not such a case. Dr. Balsam's June 1982 opinion supporting plaintiff's theory did not rest upon newly developed scientific knowledge; for all that appears, it could have been rendered much earlier. We note, moreover, that if April 21, 1981, were taken as the triggering date (as the district court suggests could possibly be appropriate), plaintiff had ample time to have filed suit after securing Dr. Balsam's opinion favorable to her claim.

*Affirmed.*